

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Buford D. Battle
State Auditor
Austin, Texas

Dear Sir:

Opinion No. O-3549
Re: Whether salary claimed by a
school district for "ghost
teacher" may be allowed out
of Rural Aid Appropriation.

We have your letter of May 15, 1941, reading as
follows:

"A large number of school districts have
taken advantage of Section 15 of the present
Rural Aid law. Among them is Eureka No. 15 of
Smith County, who has 'contracted' so to speak,
to Whitehouse Independent District of Smith
County.

"This application is enclosed in order that
you might better understand the problem to be
presented here.

"You will note that on Page 4 of the appli-
cation the names of two colored teachers appear
along with the following words on line 5 of the
Colored Section, 'Ghost (Contract)'. Opposite
these words is the amount $810 which is the
salary claimed for a so called 'ghost teacher'.

"In view of Section 4 of the Rural Aid Law
which provides in part as follows: '----- pro-
vided further that under no conditions shall
aid be granted any district in excess of the
number of teachers actually contracted for and
employed --------' this office desires to know
whether aid can be legally allowed from the
Rural Aid appropriation to this school on this
item as a teacher's salary.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Buford D. Battle, Page 2

"If your answer to the above question is
in the affirmative, then your answer to this
further question would be helpful.

"Since Whitehouse Independent School Dis-
trict is a Rural Aid School, would they be com-
pelled to show the revenue to be received under
the terms of the contract with Eureka as revenue
in their application for aid?"

In order to make your questions appear more clearly
it may be well to set out further explanatory facts obtained
from a reading of the application and from verbal conversa-
tion with you and with officials of the Department of Educa-
tion. No contract has been made with any teacher by the
Eureka District upon which the reimbursement of Eight Hundred
Ten Dollars ($810.00) is sought. The term "ghost (contract)"
is used in the application as indicating that if the Eureka
District had not contracted to the Whitehouse District it
would have been necessary to have employed a teacher at a
salary of Eight Hundred Ten Dollars ($810.00). On the theory
that if there had been no contract between the two Districts,
the Eureka District would have employed some teacher at a
salary of Eight Hundred Ten Dollars ($810.00) and would have
been able to draw that amount from the Rural Aid Appropria-
tion, and that Section 15 of the present Rural Aid Law author-
izes the Eureka District to transfer such sum to the White-
house District, the former District has made application to
be paid such sum out of the Rural Aid Appropriation with the
view of delivering the same upon receipt to the Whitehouse
District.

Section 15 of House Bill 933, 46th Legislature, the
Rural Aid Appropriation Bill now in operation reads:

"SEC. 15. Transfer Of Entire District. On
the agreement of the Board of Trustees of the
districts concerned or on petition signed by a
majority of the qualified voters of the district
and subject to the approval of the County Super-
intendent and State Superintendent, the trustees
of a district which may be unable to maintain a
satisfactory school may transfer its entire scho-
lastic enrollment, or any number of grades thereof,
to a convenient school of higher rank, and in such

event, all of the funds of the district, including the State aid to which the district would otherwise be entitled under the provisions of this Act, or such proportionate part thereof as may be necessary may be used in carrying out said agreement."

We have reached the conclusion that teacher salary aid may be drawn by a transferring district in the manner sought, although the base amount may not necessarily be as much as that set out in the application. From past experience and existing facts it must be determined as nearly as can be just what part, if not all, of said sum of Eight Hundred Ten Dollars ($810.00) the Eureka District would have been entitled to receive had it not made the contract of transfer with the Whitehouse District. The amount thus arrived at should be set up as the sum to be paid the Eureka District in respect to such salary item if there is sufficient money to pay all approved applications in full. With the above explanation we answer your first question in the affirmative.

We do not answer your second question in this opinion. If you desire our opinion on the subject matter mentioned in your second question, we would appreciate your furnishing us with details concerning the application of the Whitehouse District.

Yours very truly

APPROVED JUN 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

GRL:mp


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN